*858 OPINION.
Steenhagen:
The respondent treats the petitioner as the owner in the first instance of the proceeds from the sale of the livestock in its charge, and the distributions as dividends to shareholders. We are of opinion, however, that the evidence proves that the situation was otherwise. The petitioner, while it had broad powers under its charter, did only what was provided in its contracts with the individuals. The individuals were both shareholders in the petitioner as a corporation and contractors with it as an agent, bailee, or agister. Before the corporation could find income to itself and thus indirectly for its shareholders, it was obligated to fulfill its contractual duties, LaMonte v. Commissioner, 32 Fed. (2d) 220; Louis C. Rollo, 20 B.T.A. 799. These two aspects of its duties should not be confused as long as its conduct is bona fide and free from fraud or other compelling inequity. There is no suggestion here of either.
The corporation did not take title to the livestock. Whether in respect of it, the relation was that of general agency, bailment, or agistment, does not require decision here. Enough that it was not that of owner and that it involved only service for the owners. This service was apparently performed without compensation; but it was thus performed with the acquiescence of the corporate shareholders and there is no right in anyone else to complain. The contract which gave the control of the livestock also withheld the right *859 to the proceeds and required distribution in accordance with the livestock contributed, irrespective of the corporate shares. The distribution was made on the books at once, not as a dividend, but through the Owners’ Trust Fund account, and actually paid out from time to time. It may be assumed that the owners took proper account of the distributions in their individual tax returns.
We think that the evidence proves that the corporation during the years in question had no income, and that for this reason there is no deficiency. This makes it unnecessary to commit ourselves to a decision whether the corporation was such a cooperative organization as to be exempt by virtue of section 231 (11) of the Revenue Act of 1924 or section 231 (12) of the Revenue Act of 1926, as to which there is considerable doubt.

Judgment will be entered for the petitioner.